-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FILED

05 MAY 25  PM 4:53

U.S. DISTRICT COURT
WDNY BUFFALO

_____

WILFREDO MARQUEZ,

Plaintiff,

-v-

JAMES CONWAY, Superintendent,
M. DYLAG, Correction Officer,
C. YACKEREN, Correction Officer,

Defendants.

_____

DECISION AND ORDER
05-CV-0016A

_____

WILFREDO MARQUEZ,

Plaintiff,

-v-

JAMES CONWAY, Superintendent,
M. DYLAG, Correction Officer,
C. YACKEREN, Correction Officer,

Defendants.

_____

DECISION AND ORDER
05-CV-0168A

## INTRODUCTION

Plaintiff, Wilfredo Marquez, formerly an inmate of the Attica Correctional Facility, and now an inmate of the Auburn Correctional Facility has filed these two *pro se* actions against the same defendants seeking relief under 42 U.S.C. § 1983 (Docket No. 1), and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization in both actions.

In the first action (05-CV-0016A), plaintiff claims that two Correctional Sergeants, Corcran and Beberry, who are not named as defendants, ordered him to move to A-Block despite the fact that he informed them that he could not be moved to A-Block because he had trouble with the Correctional Officers on that Block and that if he was moved to A-Block his life would be in danger. He then alleges that while on A-Block he was assaulted by several unidentified correctional officers, presumably defendants Dylag and Yankeren. In the second action (05-CV-0168A), he claims that he was assaulted by defendant correctional officers Dylag and Yankeren, and that defendant Conway knew that he had been having problems with these correctional officers in the past but took no action to protect him. In effect, the complaint in the second action remedies some of the pleading failures of the complaint in the first action inasmuch as the complaint in the second action alleges that defendants Dylag and Yankeren were two of the correctional officers who assaulted him and alleges what Conway's personal involvement in the constitutional violations was. Neither complaint, however, names Corcran and Berberry as defendants.

For the reasons discussed below, plaintiff's requests to proceed as a poor person in both actions is granted, the two actions are consolidated into the first action, **05-CV-0016A** because they are, in effect, the same action and arise out of the same events, see Fed.R.Civ.P. 42(a), the complaint in the second action, **05-CV-0168A,** will be deemed a supplemental complaint in the consolidated action, and unless plaintiff files an amended complaint in which he names Sergeants Corcran and Berberry as defendants, the claims against them will be dismissed. Service by the U.S. Marshals will be ordered with respect to the remaining claims against Conway, Dylag and Yackeren.

2

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and

filed an Authorization with respect to this action, plaintiff is granted permission to

proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require

the Court to conduct an initial screening of this complaint. In evaluating the complaint,

the Court must accept as true all factual allegations and must draw all inferences in

plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is

not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of

facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355

U.S. 41, 45-46 (1957); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim

under 42 U.S.C. §§ 1983, the plaintiff must allege that the challenged conduct (1) was

attributable to a person acting under color of state law, and (2) deprived the plaintiff of a

right, privilege, or immunity secured by the Constitution or laws of the United States."

*Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v.*

*Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the complaint,

the Court finds that plaintiff's claims against Corcran and Berberry will be dismissed,

pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b), unless plaintiff files an

amended complaint in which he names them as defendants and alleges facts sufficient

to state an Eighth Amendment failure to protect claim against them. *See Farmer v.*

*Brennan*, 511 U.S. 825, 832-33 (1994); *see also Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d

614, 620 (2d Cir. 1996) (in order to establish a failure to protect claim, prisoner must

3

establish both that a substantial risk to his safety actually existed and that the offending prison officials knew of and consciously disregarded that risk.)

As noted, the complaint in the first action alleges that plaintiff told Sergeants Corcran and Berberry that he could not be moved to A-Block because he had problems with some of the correctional officers on A-Block and if he was moved there his life would be in danger.  He then alleges that he was assaulted on A-Block by several correctional officers.  Said complaint names as defendants Superintendent Conway, and Correctional Officers Dylag and Yackeren, but fails to allege how any of these three defendants were involved in the constitutional violations alleged, *i.e.*, the assault or the failure to protect.  *See, e.g. See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (In order for a plaintiff to establish a claim against a defendant in a § 1983 action, the plaintiff must allege that the defendant had some personal involvement in the allegedly unlawful conduct.)  The complaint in the second action, however, alleges that defendants Dylag and Yankeren were the correctional officers, presumably not identified in the complaint in the first action, who assaulted him.

Because neither complaint names Corcran and Berberry as defendants, any and all claims putatively pled against them in either action must be dismissed unless plaintiff files an amended complaint and names these two individuals as defendants.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization, his requests to proceed *in forma pauperis* are granted.  For the reasons set forth above, plaintiff's two actions shall be consolidated into a single action

under the case number **05-CV-0016A**, and the complaint in case number **05-CV-0168A** shall be deemed a Supplemental Complaint in **05-CV-0016A**. Additionally, plaintiff's claims against Correctional Sergeants Corcran and Berberry must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless he files an amended complaint by **June 25, 2005** in which he names them as defendants

Plaintiff is advised that an amended complaint is intended to <u>completely replace</u> the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom.*, *Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014 (1978); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants--Dylan, Yankeren, and Conway--against whom the case is presently going forward, and each of the defendants whom plaintiff seeks to add to the case-- Corcran and Berberry--so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.[1]

Plaintiff is forewarned that if he fails to file an amended complaint as directed, the putative claims against Corcran and Yackeren will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1]Plaintiff must also <u>include</u> in this amended complaint his claims against defendants Dylag, Yackeren and Conway regarding the alleged assault and failure to protect; because the amended complaint will become the sole complaint in the action, it is the only complaint which will be served on the parties. Failure to include these claims in it means that they are not preserved for service on the defendants.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's motions in both actions to proceed *in forma pauperis* are granted;

FURTHER, that case numbers **05-CV-0016A** and **05-CV-0168A** are consolidated as case number **05-CV-0016A**;

FURTHER, that all papers filed in case number **05-CV-0168A** shall be papers in case number **05-CV-0016A**, and, henceforth, all papers shall be filed in case number **05-CV-0016A**;

FURTHER, that the complaint submitted in **05-CV-0168A** is deemed a Supplemental Complaint in case number **05-CV-0016A**;

FURTHER, that the Clerk of the Court is directed to close case number **05-CV-0168A**;

FURTHER, that plaintiff is granted leave to file an amended complaint as directed above by **June 25, 2005**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order copies of the complaints in both actions, a blank § 1983 complaint form for plaintiff to use to file his amended complaint, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **June 25, 2005**, the putative claims against Corcran and Berberry shall be dismissed with prejudice without further order of the Court;

FURTHER, that in the event plaintiff has failed to file an amended complaint by **June 25, 2005**, the Clerk of the Court is directed to cause the United States Marshal to serve copies of the Summons, Complaint, Supplemental Complaint and this Order upon defendants Dylag, Yackeren and Conway, without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that, pursuant to 42 U.S.C. § 1997e(g), the defendants are directed to answer the complaint and supplemental complaint.

SO ORDERED.

Dated:   MAY 20_____, 2005
    Rochester, New York

            CHARLES J. SIRAGUSA
            United States District Judge